O’NIELL, J.
This is an action for damages for the death of the plaintiff’s son,. 16 years *109 of age at the time of the fatal accident. He was riding on a small motorcar Of the defendant railway company, in charge of a section foreman of the railway company, at night, when the car collided with a motor tricycle on which two employés of the Standard Oil Company were riding on the railway track. The bo'y died the next day as a result of his injuries.
The defendant, railway company, called the Standard Oil Company, in warranty, under a certain indemnity contract. Judgment was- rendered against the railway company for $6,500, and in favor of the Standard Oil Company on the question of warranty. The railway company prosecutes this appeal.
It is conceded by the appellant that its contract with the Standard Oil Company does not provide for indemnity, under the facts of this case, as disclosed on the trial. The issue between the original defendant and the party called in warranty has therefore passed out of the case.
The fault or negligence charged in the plaintiff's1 petition is that the section foreman invited the boy to ride with him and then operated the car at a high and dangerous rate of speed, at night, without a light.
Although the evidence leaves some doubt whether the lantern on the front of the car was burning immediately before the collision, there is a preponderance of evidence that the lantern was burning when the car started, a few minutes before the accident; and it is very doubtful that the light went out before -the collision occurred.
There was no light on the tricycle, with which the motor car collided. But that was no fault of the defendant. The riders of the tricycle were going in great haste for a physician for a guest who was taken ill at the home of one of them. They were employés .of the Standard Oil Company, but were not on duty, or performing any service for their employer, or for the railway company, at the time of the accident. They were, as far as the defendant is concerned, mere trespassers on the railway track.
The decisive fact in this case, however, is that the plaintiff’s son was not invited to ride on the motorcar on the trip that resulted in his death, but got on the car without the knowledge-and contrary to the orders of the section foreman. The boy was not employed by the defendant, nor by the section foreman. His father had put him out of his home, because the parent thought the boy was disobedient and ought to be in a house of correction. The section foreman had fed and sheltered the boy at his home, for about ten days before, the accident, had made a companion of him, and allowed him to ride on the motorcar at times. On the night of the accident, just before the car started, the foreman told the hoy to go hack to the house and remain with the foreman’s children until his return. The foreman then mounted the car and assumed a position looking in the direction in which the car was to travel. Two other employés, and the boy, shoved the car off, until the engine started, and they all jumped aboard. It is contended by the learned counsel for the plaintiff that, as the body of the car was only about six by eight feet in size, it was impossible for the foreman to fail to see the boy on the car. But we do not think so. The only light on the car was the lantern hanging out in front. The foreman was blind in one eye, and the boy took a position on his1 Wind side, and in the rear of him. There had been some talk among the men of going on a coon hunt after filling a certain' switch lamp, and we think that is why the hoy got on the car, in disobedience of the foreman’s order. Be that as it may, there is no reason to doubt the foreman’s statement that he did not know the boy was on the car until the collision occurred.
■ The judgment appealed from is annulled, and the plaintiff’s suit dismissed .at his cost.
LECHE, J., takes no part.